IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **TERRENCE HERSCHEL GAY,** | : |
| **Plaintiff,** | : |
| v. | : Case No. 4:22-cv-00157-CDL-MSH |
| **ADMINISTRATIVE OFFICE OF THE COURTS,** *et al.*, | : |
| **Defendants.** | : |

### ORDER

*Pro se* Plaintiff Terrence Herschel Gay filed a notice of appeal. ECF No. 12. Plaintiff has now submitted a pleading titled "42 U.S.C. § 1983 form Motion to Proceed form & Affidavit" which has been docketed as an application to appeal *in forma pauperis*. ECF No. 16.

On December 19, 2022, an Order was entered that dismissed Plaintiff's complaint for failure to obey a court order or otherwise prosecute his complaint. ECF NO. 10. Judgment was entered in favor of the Defendants. ECF No. 11. After reviewing the record, the Court enters the following Order as to Plaintiff's Motion for Leave to Appeal *in forma pauperis*.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

(a)(1) [A]ny court of the United States may authorize the commencement,

prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

. . .

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows . . . the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially

able to pay the filing fee required for an appeal. Upon the initiation of this civil action, Plaintiff did submit a motion to proceed *in forma pauperis*. ECF No. 2. However, Plaintiff failed to submit an account certification form signed by a jail official along with a copy of his inmate account statement for the preceding six months in support of his motion to proceed *in forma pauperis* as mandated by 28 U.S.C. § 1915(a)(1)-(2) even after being ordered to do so by the Court. *See* ECF Nos. 4 and 6. Instead, Plaintiff has repeatedly filed documents in which he espouses he is "Eethg Corps, Ph.D Terrence Hershel Gay Entail Establishment" and he possesses "currency value is 1Eethg = $100,000,000,000.00 Bitcoin", "1 Eethg = $8,000,000,000.00 BTC=Bitcoin (CW)", real property in Hamilton, Georgia valued at "1/2 million to ½ billion", and so forth. *See* ECF No. 2 at 2; ECF No. 7-1 at 3-6. Thus, this Court cannot realistically determine whether Plaintiff is able to pre-pay the full $505 appellate filing fee.

Next, the Court must determine if the Plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding

3

whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

In sum, this Court has conducted an independent review of Plaintiff's complaint (ECF No. 1), Plaintiff's amended complaint (ECF No. 8), Plaintiff's "Exhibits" (ECF No. 5), Plaintiff's motion for default judgment (ECF No. 9), the Plaintiff's Notice of Appeal (ECF No. 12) and Plaintiff's "42 U.S.C. § 1983 form Motion to Proceed form & Affidavit" (ECF No. 16). A statement of the issues an Appellant intends to appeal is required under Fed. R. App. P. 24(a)(1)(C). Both Plaintiff's notice of appeal and his "42 U.S.C. § 1983 form Motion to Proceed form & Affidavit" contain rambling nonsense. *See* ECF Nos. 12 and 16. This Court in no way can discern the basis for Plaintiff's appeal. In all, Plaintiff fails to satisfy the minimal standards of rationality required to present claims for the Court's review. *See Gray v. U.S. Government*, 540 F. App'x 916, 917 (11th Cir. 2013); *Denton v. Harnandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)) (concluding that a claim is factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional). The Court has further reviewed its Order dismissing this civil action (ECF No. 10) and finds no error with the Court's decision to dismiss this civil action based upon Plaintiff's failure to obey court orders. Thus, Plaintiff's appeal is 'without arguable merit either in law or fact.'" *Napier*, 314 at 531 (citations omitted).

Based upon a thorough inquiry, the Court concludes that Plaintiff's appeal is

frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith. Plaintiff has raised no issues with arguable merit. Consequently, Plaintiff's application to appeal *in forma pauperis* is **DENIED**.

Because Plaintiff's application to appeal *in forma pauperis* is **DENIED**, he must pay the entire $505 appellate filing fee if he wishes to proceed with his appeal. Since Plaintiff has averred that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the facility in which Plaintiff is incarcerated.

**SO ORDERED and DIRECTED**, this **13th** day of **January, 2023**.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT