IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TERRENCE HERSCHEL GAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 4:22-cv-00157-CDL-MSH |
| v. | : | |
| | : | |
| ADMINISTRATIVE OFFICE OF THE COURTS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Currently before the Court is Plaintiff's motion for default judgment. ECF No. 15. *Pro se* Plaintiff Terrence Herschel Gay, an inmate at the Muscogee County Jail in Columbus, Georgia, filed a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* without proper supporting documentation mandated by 28 U.S.C. § 1915(a)(1)-(2). ECF No. 2. On October 27, 2022, the Court ordered Plaintiff to either file the statutory documents in support of his motion or pay the $402.00 filing fee. ECF No. 4. Plaintiff was given fourteen (14) days to comply with said Order. *Id*. Plaintiff did not comply. Therefore, on November 28, 2022, the Court notified Plaintiff that it had not received the filing fee or a certified account statement. ECF No. 6. The Court ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the Court's previous order or otherwise address the statutorily improper motion for leave to proceed *in forma pauperis*. *Id*. Plaintiff was given fourteen (14) days to respond. *Id*. Plaintiff once again failed

to pay the filing fee or submit a certified inmate account statement. Accordingly, on December 19, 2022, Plaintiff's complaint was dismissed for failure to comply with the Court's orders (ECF No. 10) and Judgment was entered in this civil action (ECF No. 11). On December 12, 2022, Plaintiff filed a notice of appeal. ECF No. 12.

Generally, the district court loses jurisdiction when a notice of appeal is filed. *Weaver v. Fla. Power & Light Co.,* 172 F.3d 771, 773 (11th Cir. 1999) (citation omitted) ("It is well-settled law that the filing of a notice of appeal divests the district court of jurisdiction over a case."). But this "general rule . . . does not apply to collateral matters not affecting the questions presented on appeal." *Id.* (citations omitted).

Plaintiff's case was screened prior to any service upon a Defendant as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). During this frivolity review, Plaintiff's lawsuit was dismissed for failure to following the Court's instructions. *See* ECF No. 10. Thus, the only possible issue on appeal is whether the Court had discretion to dismiss the case. Therefore, any ruling on Plaintiff's motion for default judgment resolves a "collateral matter[] not affecting the questions presented on appeal." *Id*.

Plaintiff declares in his motion for default judgment[1] that "the defendants were

---

[1] Plaintiff put the date of September 6, 2022 on his motion for default judgment , which is before he filed his notice of appeal. While the Court normally applies the mailbox rule for prisoners, *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993), this Court will not consider that Plaintiff's motion was filed on September 6, 2022. Plaintiff did not even file his complaint until October 11, 2022. *See* ECF No. 1. That complaint is dated as signed by the Plaintiff on October 5, 2022. *See id*. at 6. Therefore, Plaintiff's motion for default judgment is dated more than one month before Plaintiff drafted and filed his original complaint, which he references filing in the motion for default judgment.

served by the United States Marshall with a copy of summons, and a copy of the Plaintiff's complaint". ECF No. 15-1 at 1. However, Plaintiff cites to no actual date for when service may have been effectuated. *See id.* Plaintiff further declares that "more than twenty days have elapsed since the date on which the defendant herein were served with summons and a copy of Plaintiff's complaint, excluding the date thereof". *Id.* at 1-2.

Plaintiff's case was dismissed prior to any order for service by this Court on any Defendant for failure to following the Court's instructions. *See* ECF No. 10. Therefore, Plaintiff's assertion of service of his complaint and a summons upon any defendant by the United States Marshall is patently false. Accordingly, Plaintiff's motion for default judgment (ECF No. 15) is **DENIED**.

**SO ORDERED**, this **13th** day of **January, 2023**.

S/Clay D. Land

CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT